■ FASHION INSTITUTE OF TECHNOLOGY, STATE UNIVERSITY OF NEW YORK, Appellant, v UNION OF COLLEGE EMPLOYEES OF FASH-

ion Institute of Technology, Local 3457, American Federation of Teachers, Respondent. [836 NYS2d 586]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered March 15, 2006, which, inter alia, denied petitioner school's application to vacate an arbitration award directing the school to reconsider its decision to discontinue respondent teacher's tenure, unanimously affirmed, without costs.

The school argues that the award should be vacated because the arbitrator erred in finding that petitioner's grievance was timely initiated in accordance with the time limits set forth in the collective bargaining agreement. Assuming such argument was not waived by the school's participation in the arbitration (*but see Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 307-308, 309 [1984] [contention that agreement to arbitrate, including time limitations set forth in arbitration clause itself, was not complied with, or that claim proposed to be submitted to arbitration is barred by a time limitation or in excess of arbitrator's authority, generally waived unless raised by application for stay]), the arbitrator's reckoning of the time limitation was, as the application court put it, "very lucid," and did not exceed a specifically enumerated limitation on the arbitrator's power (*see id.* at 307, 308). We have considered the school's argument that the arbitrator exceeded his power in finding that the school violated the grievance procedure by not affording the teacher a 48-hour adjournment, and find it without merit. Concur—Andrias, J.P., Saxe, Williams, Gonzalez and Kavanagh, JJ.